
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHI G. WANG and XIANGHUI YAN, | No. 10-16243 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-05838-JSW |
| v. | |
| CITY OF PLEASANTON and COMCAST CABLE COMMUNICATIONS, LLC, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,

District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern Texas, Houston, sitting by designation.

Zhi G. Wang and Xianghui Yan appeal the district court's grant of summary judgment against them and subsequent denial of their motion for reconsideration. Wang and Yan sued Comcast Cable Communications for digging a trench and installing cable in the public use easement in their front yard. Wang and Yan also sued the City of Pleasanton, which had awarded Comcast the cable franchise. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We affirm.

This appeal is based on arguments and evidence advanced for the first time when Wang and Yan moved to alter or amend the judgment under Rule 59(e). The district court refused to consider their newly raised grounds. This refusal was not an abuse of discretion. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The record also shows that the result would have been the same had the district court reached the merits of the motion to alter or amend the judgment. The federal and state law grounds that Wang and Yan urge are not a basis for the relief they seek, given the broad language of the easement that burdens their property and the fact that Comcast had a cable franchise from the City of Pleasanton. Federal law allows cable franchisees, such as Comcast, to use easements "dedicated for compatible uses." 47 U.S.C. § 541(a)(2); *Cable Ariz. Corp. v. Coxcom, Inc.*, 261

2

F.3d 871, 872 (9th Cir. 2001). The broad easement at issue includes uses for "poles, wires, conduits, . . . and gas, water and heat mains and all public utilities." Cable is compatible with these uses. *See Cable Ariz. Corp.*, 261 F.3d at 875 n.3. Wang and Yan are incorrect that Comcast's municipally authorized use of the easement is a taking under *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982). *Loretto* held that physical intrusions may be takings, but *Loretto* did not involve an authorized use of a broad easement. This court and others have limited § 541(a)(2)'s reach to public use easements to make the statute consistent with *Loretto*. *Cable Ariz. Corp.*, 261 F.3d at 876–77. Comcast's use of the public use easement is not, as a matter of law, an unconstitutional taking.

The result is the same under state law. *See Salvaty v. Falcon Cable Television*, 165 Cal. App. 3d 798, 802–05 (Cal. Ct. App. 1985). The argument that the City abandoned the easement or that its use was limited because it was used only to plant street trees is unavailing. Under California law, lack of a particular use is insufficient to show abandonment of a public use easement. *See Sharp v. City of San Diego*, No. D052315, 2009 WL 1133094, at *2 (Cal. Ct. App. Apr. 28, 2009) (citing cases).

Neither attorney suggested that Wang and Yan were raising a claim that Comcast had failed to restore their front yard after working in the easement to lay

3

the cable.  We note that during argument, Comcast's attorney stated that it would work with Wang and Yan to resolve any issues that might remain about repairing their property because of the work that was done.

**AFFIRMED.**